IN THE UNITED STATES DISTRICT COURT
FORTH NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>WINSTON PRODUCTS LLC,<br><br>       Defendant. | Civil Action No. _____<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands") hereby brings this Complaint for patent infringement against Defendant Winston Products LLC ("Defendant" or "Winston") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement of U.S. Patent Nos. 10,890,278 (the "'278 Patent") and 11,608,915 (the "'915 Patent") (collectively, the "Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

**THE PARTIES**

2. Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3. Defendant Winston Products LLC is a limited liability company organized and existing under the laws of the State of Ohio, having a principal place of business at 30339 Diamond

{11097759: }                1

Parkway, Suite 105, Cleveland, Ohio 44139. Winston is doing business throughout the United States and within the State of Ohio.

## JURISDICTION AND VENUE

4. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 3 as if set forth herein in their entirety.

5. This Court has subject matter jurisdiction over the patent infringement claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Winston is engaged in the business of using in, offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District, and is incorporated in this District.

7. Winston is subject to the general personal jurisdiction of courts of general jurisdiction in Ohio because Winston is incorporated in Ohio and has its principal place of business in Ohio. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). As such, this Court may exercise jurisdiction over Winston pursuant to Rule 4(k)(1) of the Federal Rules of Civil Procedure.

8. Winston is also subject to specific jurisdiction in this case because at least part of Telebrands' claims arise from Winston's activities in the State of Ohio and this Judicial District.

9. Winston has its principal place of business in the State of Ohio and is incorporated in the State of Ohio. Therefore, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

10. Winston has an address in Cleveland, Cuyahoga County, in the Eastern Division of the Northern District of Ohio. Therefore, venue is proper within this District.

## THE PATENTS-IN-SUIT

11. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 10 as if set forth herein in their entirety.

12. Telebrands is the owner of the '278 Patent, entitled "Expandable and Contractible Garden Hose," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on January 12, 2021. The '278 Patent is attached as **Exhibit A**.

13. Telebrands is the owner of the '915 Patent, entitled "Expandable and Contractible Garden Hose," which the USPTO duly and lawfully issued on March 21, 2023. The '915 Patent is attached as **Exhibit B**.

## GENERAL ALLEGATIONS AND BACKGROUND

14. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 13 as if set forth herein in their entirety.

15. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

16. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. Telebrands expends significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

17. For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically

contract to a reduced length when the water is released from it. The POCKET HOSE® hose has been and continues to be a massive success in the United States. Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this Complaint.

18. Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE® hose, Winston has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents. Specifically, Winston impermissibly promotes and sells the HydroTech Hose, which comes in various sizes, including 25 feet, 50 feet, 75 feet, and 100 feet (hereinafter the "Accused Products"). A screen shot of Winston's website, https://hydrotechproducts.com/, promoting and selling the Accused Products is attached as **Exhibit C**.

## COUNT I
### (INFRINGEMENT OF THE '278 PATENT)

19. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 18 as if set forth herein in their entirety.

20. Winston has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '278 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

21. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit D**, the Accused Products include all of the limitations of at least Claim 1 of the '278 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '278 Patent under 35 U.S.C. § 271(a).

22. Upon information and belief, Winston had knowledge of the '278 Patent since at least its issuance on January 12, 2021 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '278 Patent against other manufacturers of similarly infringing expandable hoses.  Upon information and belief, as part of a customary due diligence before entering the expandable hose market, Winston should have and likely did review patents covering expandable hoses and should have and likely did review the '278 Patent prior to the filing of this Complaint.  Therefore, Winston should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '278 Patent.

23. Upon information and belief, since at least the date of the issuance of the '278 Patent, Winston has had actual knowledge of the claims of the '278 Patent, and that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose.  Upon information and belief, Winston has taken no steps to remedy any infringement and continues to willfully infringe the '278 Patent.

24. Telebrands has been and continues to be damaged and irreparably harmed by Winston's infringement of the '278 Patent, and will suffer additional damages and irreparable harm unless this Court enjoins Winston from further infringement.

25. Due to Winston's past and ongoing infringement of the '278 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

26. Winston's infringement of at least Claim 1 of the '278 Patent has been and continues to be willful and deliberate.  As a result, Telebrands is entitled to increased damages

pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (INFRINGEMENT OF THE '915 PATENT)

27. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 26 as if set forth herein in their entirety.

28. Winston has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '915 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

29. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit E**, the Accused Products include all of the limitations of at least Claim 1 of the '915 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '915 Patent under 35 U.S.C. § 271(a).

30. Upon information and belief, Winston had knowledge of the '915 Patent since at least its issuance on March 21, 2023 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '915 Patent against other manufacturers of similarly infringing expandable hoses. Upon information and belief, as part of a customary due diligence before entering the expandable hose market, Winston should have and likely did review patents covering expandable hoses and should have and likely did review the '915 Patent prior to the filing of this Complaint. Therefore, Winston should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '915 Patent.

31. Upon information and belief, since at least the date of the issuance of the '915 Patent, Winston has had actual knowledge of the claims of the '915 Patent, and that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose. Upon information and belief, Winston has taken no steps to remedy any infringement and continues to willfully infringe the '915 Patent

32. Telebrands has been and continues to be damaged and irreparably harmed by Winston's infringement of the '915 Patent, and will suffer additional damages and irreparable harm unless this Court enjoins Winston from further infringement.

33. Due to Winston's past and ongoing infringement of the '915 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

34. Winston's infringement of at least Claim 1 of the '915 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A. that Winston infringes each of the '278 Patent and the '915 Patent;

B. that such infringement was and is willful;

C. preliminarily and permanently enjoining Winston, its principal, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors, manufacturers, and all others in active concert and/or participation with Winston, from infringing the '278 Patent and the '915 Patent, pursuant to 35 U.S.C. § 283;

D. awarding Telebrands damages for Winston's direct infringement of both the '278 Patent and the '915 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or Winston's lost profits, together with interest and costs, pursuant to U.S.C. § 284;

E. trebling the amount of damages for Winston's infringement of both the '278 Patent and the '915 Patent, pursuant to U.S.C. § 284;

F. finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to U.S.C. § 285; and

G. granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a trial by jury on all issues so triable.

DATED:  March 24, 2023            Respectfully submitted,

/s/     David B. Cupar
David B. Cupar
McDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Email: dcupar@mcdonaldhopkins.com

Michael J. Zinna (*Pro Hac Vice* forthcoming)
Vincent M. Ferraro (*Pro Hac Vice* forthcoming)
KELLEY DRYE & WARREN LLP
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
mzinna@kelleydrye.com
vferraro@kelleydrye.com

*Attorneys for Plaintiff Telebrands Corporation*