IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION, | ) |
| | ) CASE NO. 1:23-cv-00631-BMB |
| Plaintiff, | ) |
| | ) Judge Bridget Meehan Brennan |
| v. | ) |
| | ) **DEFENDANT WINSTON PRODUCTS** |
| WINSTON PRODUCTS LLC, | ) **LLC'S ANSWER TO PLAINTIFF'S** |
| | ) **COMPLAINT FOR PATENT** |
| Defendant. | ) **INFRINGEMENT** |
| | ) |
| | ) **JURY DEMAND ENDORSED** |
| | ) |

Defendant Winston Products LLC ("Winston"), by and through their counsel, in response to Plaintiff's Complaint, states as follows:

## NATURE OF ACTION

1. Winston admits that this action purports to be one for patent infringement. Winston denies that it infringes U.S. Pat. No. 10,890,278 ("the '278 patent") and U.S. Pat. No. 11,608,915 ("the '915 patent"), but lacks sufficient information to any remaining allegations in Paragraph 1 and therefore denies them.

## THE PARTIES

2. Winston lacks sufficient information to respond to the allegations of Paragraph 2 and therefore denies them.

3. Winston admits it is an Ohio limited liability corporation with a principal place of business in Ohio.

## JURISDICTION AND VENUE

4. Winston incorporates its responses to the allegations in paragraphs 1 through 3 fully.

5939464.4

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent Paragraph 5 contains any allegations to which a response is required, Winston denies them.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent Paragraph 6 contains any allegations to which a response is required, Winston admits it is in the business of selling expandable hoses, including within this District.

7. Paragraph 7 contains a legal conclusion to which no response is required.

8. Paragraph 8 contains a legal conclusion to which no response is required.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent Paragraph 9 contains any allegations to which a response is required, Winston denies them.

10. Paragraph 10 contains a legal conclusion to which no response is required. To the extent Paragraph 10 contains any allegations to which a response is required, Winston denies them.

## THE PATENTS-IN-SUIT

11. Winston incorporates its responses to the allegations in paragraphs 1 through 10 fully.

12. Winston lacks sufficient information to respond to the allegations of Paragraph 12, and therefore denies them.

13. Winston lacks sufficient information to respond to the allegations of Paragraph 13, and therefore denies them.

## GENERAL ALLEGATION AND BACKGROUND

14. Winston incorporates its responses to the allegations in paragraphs 1 through 13 fully.

15. Winston lacks sufficient information to respond to the allegations of Paragraph 15, and therefore denies them.

16. Winston lacks sufficient information to respond to the allegations of Paragraph 16, and therefore denies them.

17. Winston lacks sufficient information to respond to the allegations of Paragraph 17, and therefore denies them.

18. Winston admits it sells a product called the HydroTech Hose. Winston denies any remaining allegations of Paragraph 18.

### ANSWER TO COUNT I
### (INFRINGEMENT OF THE '278 PATENT)

19. Winston incorporates its responses to the allegations in paragraphs 1 through 19 fully.

20. Winston denies the allegations of Paragraph 20.

21. Winston denies the allegations of Paragraph 21.

22. Winston denies the allegations of Paragraph 22.

23. Winston denies the allegations of Paragraph 23.

24. Winston denies the allegations of Paragraph 24.

25. Winston denies the allegations of Paragraph 25, and specifically denies Plaintiff is entitled to any relief whatsoever.

26. Winston denies the allegations of Paragraph 26, and specifically denies Plaintiff is entitled to any relief whatsoever.

### ANSWER TO COUNT II
### (INFRINGEMENT OF THE '915 PATENT)

27. Winston incorporates its responses to the allegations in paragraphs 1 through 26 fully.

28. Winston denies the allegations of Paragraph 28.

29. Winston denies the allegations of Paragraph 29.

30. Winston denies the allegations of Paragraph 30.

31. Winston denies the allegations of Paragraph 31.

32. Winston denies the allegations of Paragraph 32, and specifically denies Plaintiff is entitled to any relief whatsoever.

33. Winston denies the allegations of Paragraph 33, and specifically denies Plaintiff is entitled to any relief whatsoever.

34. Winston denies the allegations of Paragraph 34, and specifically denies Plaintiff is entitled to any relief whatsoever.

## ANSWER TO PRAYER FOR RELIEF

Winston specifically controverts the requests set forth in paragraphs A-C in the section of Plaintiff's Complaint titled "PRAYER FOR RELIEF," and denies that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Winston does not literally or through the doctrine of equivalents infringe any of the asserted claims of the '278 and '915 patents. This is because Winston's accused HydroTech Hose does not include at least one limitation of those patents, namely a "coupler" as defined and limited by the '278 and '915 patents.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this case because it has failed to name and join all necessary parties required for it to bring suit under the patents asserted. This is because Plaintiff failed to join Mr. Gary Ragner, co-inventor of the '278 and '915 patents and therefore co-owner of the patents in suit, as a necessary party.

### THIRD AFFIRMATIVE DEFENSE

The patented claims at issue in Plaintiff's suit in the '278 and '915 patents are invalid under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims lack merit and are otherwise exceptional under 35 U.S.C. § 285.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and for damages are limited by U.S.C. §§ 286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by laches, waiver, and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

For the reasons stated below in Counterclaim VII, Plaintiff's '278 and '914 patents are unenforceable for inequitable conduct, fraud on the Patent Office, and/or unclean hands.

### COUNTERCLAIMS IN REPLY

1. For its Counterclaims against Plaintiff/Counterclaim Defendant Telebrands Corporation ("Telebrands"), Defendant/Counterclaim Plaintiff Winston alleges as follows:

2. The following are claims for declaratory judgment for judgments of invalidity and non-infringement of the '278 patent (attached as Ex. A to Telebrands' Complaint, ECF 1-1) and the '915 patent (attached as Ex. B to Telebrands' Complaint, ECF 1-2), as well as U.S. Patent No. 10,174,870 ("the '870 patent"), attached hereto as Exhibit 1.

3. Winston is a limited liability company organized under the laws of the State of Ohio with its principal place of business at 30339 Diamond Parkway, Suite 105, Cleveland, Ohio 44139.

4. Telebrands is a corporation organized under the laws of the State of New Jersey with its principal place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

5. The '278 patent, the '915 patent, and the '870 patent are currently assigned to Telebrands.

6. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 202 and under 28 U.S.C. § 1338(a).

7. Telebrands has accused Winston of infringing the '278 patent and the '915 patent in the Complaint herein and has accused Winston of infringing the '870 patent to multiple customers of Winston's.

8. Therefore, there is a justiciable controversy concerning the validity, enforceability, and infringement of the '278, '915, and '870 patents.

9. Accordingly, this Court has subject matter jurisdiction over Winston's counterclaims under 28 U.S.C. §§ 1338(a), 2201-202 and Fed. R. Civ. P. 13.

10. Telebrands has already submitted to the personal jurisdiction of this Court.

11. In light of Telebrands' filing of this action in this Court, venue is proper in this District.

**COUNTERCLAIM I: DECLARATORY JUDGMENT OF INVALIDITY OF THE '278 PATENT**

12. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 11.

13. One or more claims of the '278 patent are invalid and void for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or failure to comply with 37 C.F.R. § 156.

14. For example, under § 103 of the Patent Act, the '278 patent is rendered obvious at least in light of U.S. Patent Nos. 9,022,076 and 6,523,539.

15. Without declaratory relief, Winston will be irreparably harmed and damaged.

16. Winston is accordingly entitled to a judgment declaring that each claim of the '278 patent is invalid or failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**COUNTERCLAIM II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '278 PATENT**

17. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 16.

18. Winston does not infringe any of the claims of the '278 patent literally or under the doctrine of equivalents because at least one element of each of the claims of the '278 patent is missing from Winston's accused "Hydrotech Hose."

19. For example, Claim 1 of the '278 patent states:

1. A garden hose comprising:
a flexible elongated outer tube constructed from a fabric material having a first end and a second end, an interior of said outer tube being substantially hollow, said flexible elongated outer tube having a maximal length;
a flexible elongated elastic inner tube having a first end and a second end, an interior of said inner tube being substantially hollow, said elastic inner tube having a relaxed length when said inner tube is not extended, said inner tube relaxed length being less than said outer tube maximal length;
a first coupler secured to said first end of said inner tube and said outer tube, said first coupler constructed to couple said hose to a conventional facet thereby providing pressurized water;
a second coupler secured to said second end of said inner tube and said outer tube, said inner tube is unsecured to said outer tube between said first and second ends so that said outer tube outer tube can move freely over said inner tube; and
a flow restrictor coupled to said second coupler,
whereby upon introduction of a flow of pressurized water through said first coupler into said inner tube and operation of said flow restrictor to at least partially block said flow of pressurized water from exiting said inner tube, said inner tube fills with pressurized water resulting in an increase in water pressure within said inner tube interior, said increase in water pressure expands said inner tube longitudinally along a length of said inner tube and laterally across a width

7

of said inner tube thereby increasing said hose to an expanded condition, and whereby stopping said flow of pressurized water into said first coupler and releasing said pressurized water out of said second coupler results in said hose contracting to a decreased length as a result of an automatic contraction of said elastic inner tube.

20. Winston's Hydrotech Hose does not have a "first coupler" that is "secured" to the "first end" of the inner and outer hoses, as claim 1 and every other claim of the '278 patent requires.

21. Accordingly, Winston does not infringe any claim of the '278 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

22. Based on the foregoing, Winston is entitled to a judicial declaration that it does not infringe the '278 patent.

## COUNTERCLAIM III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '915 PATENT

23. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 22.

24. One or more claims of the '915 patent are invalid and void for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or failure to comply with 37 C.F.R. § 156.

25. For example, under § 103 of the Patent Act, the '915 patent is rendered obvious at least in light of U.S. Patent Nos. 9,022,076 and 6,523,539.

26. Without declaratory relief, Winston will be irreparably harmed and damaged.

27. Winston is accordingly entitled to a judgment declaring that each claim of the '915 patent is invalid or failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIM IV: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '915 PATENT

8

5939464.4

28. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 27.

29. Winston does not infringe any claims of the '915 patent literally or under the doctrine of equivalents because at least one element of each of the claims of the '915 patent is missing from Winston's accused "Hydrotech Hose."

30. For example, Claim 1 of the '915 patent states:

1. A garden hose comprising:
a flexible outer tube having a first end and a second end, said flexible outer tube having a substantially hollow interior, said flexible outer tube having a maximal length;
a flexible inner tube having a first end and a second end, said flexible inner tube having a substantially hollow interior, said flexible inner tube having a relaxed length when said flexible inner tube is not in an extended condition, said relaxed length of said flexible inner tube being less than said maximal length of said flexible outer tube;
a first coupler secured to said first end of said flexible inner tube and said flexible outer tube, said first coupler adapted to couple said hose to a conventional faucet thereby providing pressurized water;
a second coupler secured to said second end of said flexible inner tube and said flexible outer tube, said flexible inner tube unsecured to said flexible outer tube between said first and second ends so that said flexible outer tube can move freely over said flexible inner tube; and
a flow restrictor adapted to couple to said second coupler,
whereby upon introduction of a flow of pressurized water through said first coupler into said flexible inner tube and operation of said flow restrictor to at least partially block said flow of pressurized water from exiting said flexible inner tube, said flexible inner tube fills with pressurized water resulting in an increase in water pressure within said interior of said flexible inner tube, said increase in water pressure expands said inner tube longitudinally along a length of said flexible inner tube and laterally across a width of said flexible inner tube thereby expanding said hose to an expanded condition, and whereby stopping said flow of pressurized water into said first coupler and releasing said pressurized water out of said second coupler results in said hose contracting to a contracted condition as a result of an automatic contraction of said flexible inner tube.

31. Winston's Hydrotech Hose does not have a "first coupler" that is "secured" to the "first end" of the inner and outer hoses, as claim 1 and every other claim of the '915 patent requires.

32. Accordingly, Winston does not infringe any claim of the '915 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

9

5939464.4

33. Based on the foregoing, Winston is entitled to a judicial declaration that it does not infringe the '915 patent.

## COUNTERCLAIM V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '870 PATENT

34. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 33.

35. One or more claims of the '870 patent are invalid and void for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or failure to comply with 37 C.F.R. § 156.

36. For example, under § 103 of the Patent Act, the '870 patent is rendered obvious at least in light of U.S. Patent Nos. 9,022,076 and 6,523,539.

37. Without declaratory relief, Winston will be irreparably harmed and damaged.

38. Winston is accordingly entitled to a judgment declaring that each claim of the '870 patent is invalid or failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIM VI: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '870 PATENT

39. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 38.

40. Winston does not infringe any claims of the '870 patent literally or under the doctrine of equivalents because at least one element of each of the claims of the '870 patent is missing from Winston's accused "Hydrotech Hose."

41. For example, Claim 1 of the '870 patent states:

1. A hose comprising:

5939464.4

a flexible elongated outer tube constructed from a fabric material having a first end and a second end, an interior of said outer tube being substantially hollow, said flexible elongated outer tube having a maximal length and a maximal diameter;

a flexible elongated inner tube having a first end and a second end, an interior of said inner tube being substantially hollow, said inner tube being formed of an elastic material, said elastic inner tube having a relaxed length when said inner tube is not being stretched, said inner tube relaxed length being substantially less than said outer tube maximal length;

a first coupler secured to said first end of said inner and said outer tubes, said first coupler constructed to couple said hose to a source of pressurized liquid;

a second coupler secured to said second end of said inner and said outer tubes, said inner and outer tubes unsecured between said first and second ends so that said outer tube is not held in frictional contact with said inner tube so that said outer tube can move freely along said inner tube; and

a flow restrictor coupled to said second coupler,

whereby upon introduction of a flow of pressurized liquid through said first coupler into said inner tube and operation of said flow restrictor to at least partially block said flow of pressurized liquid from exiting said inner tube, said inner tube fills with pressurized liquid resulting in an increase in fluid pressure within said inner tube interior, said increase in fluid pressure expands said inner tube longitudinally along a length of said inner tube and laterally across a width of said inner tube thereby increasing said hose to an expanded condition, and whereby stopping said flow of pressurized liquid into said first coupler and releasing said pressurized liquid out of said second coupler results in said hose contracting to a decreased length as a result of the automatic contraction of the elastic inner tube.

42. Winston's Hydrotech Hose does not have a "first coupler" that is "secured" to the "first end" of the inner and outer hoses, as every claims of the '870 patent requires.

43. Accordingly, Winston does not infringe any claim of the '870 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

44. Based on the foregoing, Winston is entitled to a judicial declaration that it does not infringe the '870 patent.

**COUNTERCLAIM VII: DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT AND UNFORCEABILITY OF THE '278, '915, and '870 PATENTS**

45. Winston incorporates by reference the allegations set forth in Paragraphs 1 through 44.

46. The factual contentions set forth in this counterclaim have evidentiary support or will have evidentiary support after a reasonable opportunity for further investigation or discovery.

5939464.4

Many of the factual contentions set forth in this counterclaim are derived from a written opinion and judgment by the Hon. Noel L. Hillman, U.S. District Judge, District of New Jersey in *Blue Gentian, et al., v. Tristar Products, Inc., et al.*, No. 1:13-cv-01758-NLH-AMD (August 12, 2021), attached hereto as Exhibit 2. Judge Hillman made extensive findings of fact and conclusions of law in his 48-page opinion and concluded that Gary Ragnar is a co-inventor of the Michael Berardi patents at issue in that case, including at least U.S. Pat. Nos. 8,291,941 ("the '941 patent"), 8,291,942 ("the '942 patent"), 8,479,776 ("the '776 patent"), and 8,757,213 ("the '213 patent") (collectively "the *Blue Gentian* utility patents-in-suit"). *Id.* at 2 and 48.

47. Upon information and belief, on August 23, 2011, Berardi met with Mr. Gary Ragner of Ragner Technologies, a developer of a prototype expandable hose called the "MicroHose." At this meeting, Ragner and Berardi discussed a "prototype 2" of the MicroHose that consisted of a hose with an internal tube inside. The internal tube was secured to each end of the hose to act as a retracting force. *Id.* at 7.

48. Upon information and belief, prior to the August 23, 2011 meeting, Berardi had extensive experience as a songwriter and video producer, as well as experience with the direct marketing industry, where Berardi and his wife have produced hundreds of television commercials. Prior to this meeting, Berardi had no technical background.  He had sold and repaired products, including garden hoses, at his father's hardware store. *Id.* at 7-8.

49. Unlike Berardi, Ragner is an engineer with a degree in physics and a master's degree in mechanical and aerospace engineering.  He has dozens of patents, including several hose patents (U.S. Patent No. 6,948,527 for a "pressure-actuated linearly retractable and extendible hose" and U.S. Patent No. 8,776,836 for a "linearly retractable pressure hose structure").  Ragner believed his retractable hose design could apply to garden hoses and had created 18-20 prototypes of the MicroHose by August 2011.  *Id*. at 10-11.

50. Upon information and belief, through the advice of a friend, Berardi learned in July or August of 2011 that Ragner Technologies was seeking investment for its "MicroHose" expandable hose product. *Id.* at 8.

51. Upon information and belief, from searching on the Internet, Berardi found an article about Ragner Technologies which had a video showing a demonstration of a "Microhose" prototype. *Id*. After watching the Microhose video demonstration, Berardi had the idea of running water through a tube like the resistance bands at a gym. He later acknowledged that his idea "kind of reminded me I guess maybe of the expanding hose that Ragner had invented." *Id*. at 9.

52. Upon information and belief, Berardi and individuals employed by Ragner Technologies set up a meeting to discuss possible investment in Ragner Technologies on August 23, 2011. *Id.*

53. Prior to this meeting on August 23, 2011, Berardi had not fully conceived his "XHose" invention. *Id.* at 24-26.

54. Upon information and belief, at this August 23 meeting, Ragner Technologies, including Mr. Ragner, first presented their business plan, finances and manufacturing costs. Berardi realized the MicroHose cost structure was unattractive for a successful direct response TV product. After lunch, the Ragner Technologies team presented on the manufacturing process for the MicroHose, along with a demonstration of a prototype of the MicroHose. *Id.* at 14-15.

55. Upon information and belief, after the meeting, Berardi did not follow up with Ragner or Ragner Technologies. Berardi claims that following the meeting, he was still left with his own "nebulous idea" for an expandable garden hose. *Id.* at 17. When he first attempted to make an expandable garden hose, Berardi acknowledged that he "didn't really know … what [he] was doing" but only had "some concept, some idea of maybe what would happen." *Id.*

56. Upon information and belief, between August 24, 2011 and early November, 2011, Berardi experimented with materials to create a prototype expandable hose. *Id.* at 18.

57. Berardi admits that he "might have subconsciously remembered some of the things that [Ragner] said" in his MicroHose video when making a commercial for the "XHose" product. *Id.* at 18-19.

58. As a result of the interactions between them at the August 23, 2011 meeting, "Gary Ragner collaborated with Michael Berardi to invent the [*Blue Gentian* utility patents-in-suit]." *Id.* at 30.

59. On November 4, 2011, Berardi and his company Blue Gentian filed for a patent which eventually became U.S. Patent No. 8,291,941 ("the '941 patent") for the "XHose" product.

60. In his ruling on inventorship, Judge Hillman concluded that with respect to the elements (1) inner and outer tubes attached only at the ends, (2) a fabric outer tube, and (3) an elastic inner tube that can provide force to retract the hose without a metal spring ("the Ragner elements"), "Ragner made a significant contribution to the invention of the XHose, and, in particular, to the conception of at least one claim in each of the … Berardi patents [at issue] by conveying these three elements to Berardi in the context of the design of a garden hose." *Id.* at 33.[1]

61. Upon information and belief, Ragner contributed to Berardi's "XHose" invention by sharing information that, based on Berardi's own admissions, was not previously available to Berardi about designs for a retractable hose. *Id.* at 35.

---

[1] The Court noted that "[i]t was not disputed that each of Berardi's four asserted utility patents has one or more claims that require at least these three elements." *Id.* at 33-34.

14

62. Ragner's own '836 patent and MicroHose prototype, along with the testimony of other witnesses, corroborated Ragner's testimony about his prior design of a hose with the Ragner elements. *Id.* at 35-47.

63. Accordingly, Ragner contributed to the conception of the XHose and at least one claim in each of the *Blue Gentian* utility patents-in-suit. *Id.* at 48.

64. Upon information and belief, like the '942 patent, the '776 patent, and the '213 patent, Ragner also contributed to the conception of at least one claim in each of the patents-in-suit in this matter, including the '278 patent, the '915 patent, and the '870 patent.

65. Upon information and belief, for the same reasons that Ragner was a co-inventor for the *Blue Gentian* utility patents-in-suit, Ragner was a co-inventor for the '278 patent, the '915 patent, and the '870 patent.

66. Upon information and belief, in seeking to patent his "XHose" invention in the applications that ultimately issued as the '278 patent, the '915 patent, and the '870 patent, Berardi knew that Ragner should be listed as a co-inventor as Berardi did not conceive the "XHose" invention without Ragner's contributions.

67. Upon information and belief, in violation of his general duty of candor and good faith with the U.S. Patent Office and in violation of his obligations under 37 C.F.R. § 1.56, Berardi deliberately omitted identifying Ragner as a co-inventor on these patent applications, which he knew was information material to patentability. Similarly, Berardi failed to disclose material information about Ragner's prototypes and/or other prior art Berardi learned about at the August 23, 2011 meeting with Ragner.

68. Upon information and belief, during the prosecution of the '941 patent and subsequent patents including the '278 patent, the '915 patent, and the '870 patent, Berardi

represented that he was the sole inventor of the claimed subject matter, despite knowing that Ragner had contributed to the XHose invention as claimed in these patents.

69. Upon information and belief, Berardi thus acted with a specific intent to deceive the Patent Office in order to obtain his patents without Ragner listed as a co-inventor and without disclosing material information about Ragner's prototypes and/or other prior art.

70. Upon information and belief, the US Patent Office relied on Berardi's material false statements and omissions in its decision to allow the '278 patent, the '915 patent, and the '870 patent to issue.

71. To the best of the undersigned counsels' knowledge, information and belief after a reasonable inquiry, the claims of the '278 patent, the '915 patent, and the '870 patent are unenforceable as a result of the inequitable conduct of named inventor, Mr. Michael J. Berardi.

## REQUESTED RELIEF FOR COUNTERCLAIMS

Winston respectfully requests this Court:

A. Declare that the '278 patent, the '915 patent, and the '870 patent are invalid;

B. Declare that Winston does not infringe any asserted claim of the '278 patent, the '915 patent, and the '870 patent;

C. Declare that the '278 patent, the '915 patent, and the '870 patent are unenforceable based on inequitable conduct;

D. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Winston reasonable attorneys' fees and costs; and,

E. Award Winston any further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant/counterclaim plaintiff Winston demands a jury on all issues so triable.

DATED: June 1, 2023                         Respectfully submitted,

                                                                        s/ *Nicholas B. Clifford*
                                                                        Nicholas B. Clifford (admitted *Pro Hac Vice*)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:     216.592.5000
Facsimile:     216.592.5009
E-mail:        david.bernstein@tuckerellis.com
               nicholas.clifford@tuckerellis.com


*Attorneys for Defendant, Winston Products LLC*

5939464.4

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, a copy of the foregoing ***Defendant Winston Products LLC's Answer to Plaintiffs Complaint for Patent Infringement*** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David B. Cupar
McDonald Hopkins
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Email: dcupar@mcdonaldhopkins.com

Michael J. Zonna (Pro Hac Vice forthcoming)
Vincent M. Ferraro (Pro Hac Vice forthcoming)
Kelley Drye & Warren LLP
3 World Trade Center
New York, NY 10007
Email: mzinna@kelleydrye.com
       vferraro@kelleydrye.com

*Attorneys for Plaintiff Telebrands Corporation*

*/s/ Nicholas B. Clifford*
Nicholas B. Clifford (*pro hac vice*)
*Attorneys for Defendant, Winston Products LLC*

5939464.4