IN THE UNITED STATES DISTRICT COURT
FORTH NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>WINSTON PRODUCTS LLC,<br><br>        Defendant. | Case No. 1:23-cv-00631-BMB<br><br>Judge Bridget Meehan Brennan<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF TELEBRANDS CORPORATION'S
ANSWER, DEFENSES AND COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Telebrands Corporation ("Plaintiff" or "Telebrands"), by and through its undersigned counsel, hereby provides its Answer, Defenses, and Counterclaims in response to Defendant and Counterclaim-Plaintiff Winston Products LLC's ("Defendant" or "Winston") Counterclaims filed on June 1, 2023 (ECF No. 14), and states and avers as follows:

**GENERAL DENIAL OF ALLEGATIONS IN THE COUNTERCLAIMS**

Telebrands denies all the allegations in Winston's Counterclaims unless expressly admitted in the following paragraphs. Moreover, Telebrands denies that Winston is entitled to any relief, including that requested in its Requested Relief for Counterclaims. Telebrands reserves the right to take additional positions and assert additional defenses as further discovery may warrant.

Because headings are not allegations, no response to them is required. To the extent the headings in Winston's Counterclaims are deemed to contain factual allegations, such allegations are hereby denied.

**RESPONSE TO "COUNTERCLAIMS IN REPLY"**[1]

1. No response is required to Paragraph 1. To the extent a response is required, Telebrands denies the allegations set forth in Paragraph 1.

2. Except to admit that Winston's Counterclaims purport to state claims for declaratory judgment for judgments of invalidity and non-infringement of the '278 Patent, the '915 Patent, and the '870 Patent, Telebrands denies the allegations set forth in Paragraph 2 and denies that Winston has any viable causes of action against Telebrands.

3. Telebrands admits, upon information and belief, the allegations of Paragraph 3.

4. Telebrands admits the allegations of Paragraph 4.

5. Telebrands admits the allegations of Paragraph 5.

6. Telebrands admits that the Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 202 [sic] and under 28 U.S.C. § 1338(a), but otherwise denies the allegations of Paragraph 6.

7. Telebrands admits that it has accused Winston of infringing the '278 Patent and the '915 Patent in the Complaint (ECF No. 1) filed in this case. The remaining allegations regarding the '870 Patent are vague and ambiguous and thus Telebrands is without knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis denies them.

8. Paragraph 8 asserts a legal conclusion to which no response is required. To the extent Paragraph 8 contains any allegations to which a response is required, Telebrands admits that there is a justiciable controversy concerning the validity, enforceability, and infringement of

---

[1] All headings are as stated in the Counterclaims. The headings from the Counterclaims are included for reference only and are not an admission of any allegation.

the '278 Patent, the '915 Patent, and the '870 Patent, but otherwise denies any implication that such patents are invalid, unenforceable and/or not infringed by Winston.

9. Paragraph 9 asserts a legal conclusion to which no response is required. To the extent Paragraph 9 contains any allegations to which a response is required, Telebrands admits that this Court has subject matter jurisdiction over Winston's Counterclaims.

10. Telebrands admits that it has submitted to the personal jurisdiction of this Court just with respect to this case, but otherwise denies the remaining allegations in Paragraph 10.

11. Telebrands admits that venue is proper in this District just with respect to this case.

### RESPONSE TO "COUNTERCLAIM I: DECLARATORY JUDGMENT OF INVALIDITY OF THE '278 PATENT

12. Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 12.

13. Telebrands denies the allegations of Paragraph 13.

14. Telebrands denies the allegations of Paragraph 14.

15. Telebrands denies the allegations of Paragraph 15.

16. Telebrands denies the allegations of Paragraph 16.

### RESPONSE TO "COUNTERCLAIM II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '278 PATENT

17. Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 17.

18.     Telebrands denies the allegations of Paragraph 18.

19.     Telebrands admits that Paragraph 19 recites Claim 1 of the '278 Patent. To the extent the allegations of Paragraph 19 attempt to characterize the scope of Claim 1 of the '278 Patent, Telebrands asserts that Claim 1 of the '278 Patent speaks for itself and thus otherwise denies the allegations of Paragraph 19.

20.     Telebrands denies the allegations of Paragraph 20.

21.     Telebrands denies the allegations of Paragraph 21.

22.     Telebrands denies the allegations of Paragraph 22.

**RESPONSE TO "COUNTERCLAIM III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '915 PATENT**

23.     Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 23.

24.     Telebrands denies the allegations of Paragraph 24.

25.     Telebrands denies the allegations of Paragraph 25.

26.     Telebrands denies the allegations of Paragraph 26.

27.     Telebrands denies the allegations of Paragraph 27.

**RESPONSE TO "COUNTERCLAIM IV: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '915 PATENT**

28.     Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 28.

29.     Telebrands denies the allegations of Paragraph 29.

30. Telebrands admits that Paragraph 30 recites Claim 1 of the '915 Patent. To the extent the allegations of Paragraph 30 attempt to characterize the scope of Claim 1 of the '915 Patent, Telebrands asserts that Claim 1 of the '915 Patent speaks for itself and thus otherwise denies the allegations of Paragraph 30.

31. Telebrands denies the allegations of Paragraph 31.

32. Telebrands denies the allegations of Paragraph 32.

33. Telebrands denies the allegations of Paragraph 33.

**RESPONSE TO "COUNTERCLAIM V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '870 PATENT**

34. Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 34.

35. Telebrands denies the allegations of Paragraph 35.

36. Telebrands denies the allegations of Paragraph 36.

37. Telebrands denies the allegations of Paragraph 37.

38. Telebrands denies the allegations of Paragraph 38.

**RESPONSE TO "COUNTERCLAIM VI: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '870 PATENT**

39. Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 39.

40. Telebrands denies the allegations of Paragraph 40.

41. Telebrands admits that Paragraph 41 recites Claim 1 of the '870 Patent. To the extent the allegations of Paragraph 41 attempt to characterize the scope of Claim 1 of the '870 Patent, Telebrands asserts that Claim 1 of the '870 Patent speaks for itself and thus otherwise denies the allegations of Paragraph 41.

42. Telebrands denies the allegations of Paragraph 42.

43. Telebrands denies the allegations of Paragraph 43.

44. Telebrands denies the allegations of Paragraph 44.

### RESPONSE TO "COUNTERCLAIM VII: DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT AND UNFORCEABILITY OF THE '278, '915, AND '870 PATENTS

45. Telebrands restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Except as expressly admitted, Telebrands denies the allegations of Paragraph 45.

46. Telebrands admits that the Honorable Noel L. Hillman, U.S. District Judge, District of New Jersey in *Blue Gentian, et al., v. Tristar Products, Inc., et al.*, No. 1:13-cv-01758-NLH-AMD (August 12, 2021) concluded that Mr. Gary Ragner is a co-inventor of U.S. Patent Nos. 8,291,941; 8,291,942; 8,479,776; and 8,757,213, but otherwise denies the remaining allegations of Paragraph 46.

47. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47, and on that basis denies them.

48. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48, and on that basis denies them.

49. Telebrands admits that Mr. Ragner is a named inventor on U.S. Patent Nos. 6,948,527 and 8,776,836. Telebrands is without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations set forth in Paragraph 49, and on that basis denies them.

50. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50, and on that basis denies them.

51. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51, and on that basis denies them.

52. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52, and on that basis denies them.

53. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53, and on that basis denies them.

54. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54, and on that basis denies them.

55. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55, and on that basis denies them.

56. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56, and on that basis denies them.

57. Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57, and on that basis denies them.

58. Telebrands denies the allegations of Paragraph 58.

59. Telebrands admits that the patent application that matured into U.S. Patent No. 8,291,941 was filed on November 4, 2011.  Telebrands is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 59, and on that basis denies them.

60. To the extent the allegations of Paragraph 60 purport to characterize Judge Hillman's August 12, 2021 Decision, the Decision speaks for itself, and on that basis Telebrands denies the allegations of Paragraph 60.

61. Telebrands denies the allegations of Paragraph 61.

62. Telebrands denies the allegations of Paragraph 62.

63. Telebrands denies the allegations of Paragraph 63.

64. Telebrands denies the allegations of Paragraph 64.

65. Telebrands denies the allegations of Paragraph 65.

66. Telebrands denies the allegations of Paragraph 66.

67. Telebrands denies the allegations of Paragraph 67.

68. Telebrands denies the allegations of Paragraph 68.

69. Telebrands denies the allegations of Paragraph 69.

70. Telebrands denies the allegations of Paragraph 70.

71. Telebrands denies the allegations of Paragraph 71.

**RESPONSE TO WINSTON'S REQUESTED RELIEF FOR COUNTERCLAIMS**

Telebrands denies each and every allegation not expressly admitted above. A response is not required to Winston's Requested Relief for Counterclaims. To the extent that a response is required, Telebrands expressly denies that Winston is entitled to the judgment and relief requested in Paragraphs A through E or to any relief whatsoever. Telebrands respectfully requests that the Court deny all of Winston's Counterclaims and Requested Relief for Counterclaims in their entirety and with prejudice.

Further, Telebrands prays for the relief requested in its Complaint (ECF No. 1) and respectfully requests judgment of the Court against Winston as follows:

A. Judgment that Winston takes nothing by way of its Counterclaims;

B. A declaration that Winston infringes one or more claims of the Asserted Patents;

C. An injunction barring Winston from further infringement of the claims of the Asserted Patents;

D. Dismissal of Winston's Counterclaims with prejudice;

E. An award of attorneys' fees and costs; and

F. An award of such other costs and further relief as the Court may deem just.

## JURY TRIAL DEMANDED

Telebrands acknowledges that Winston requests trial by jury on its Counterclaims but denies that Winston is entitled to the relief its seeks.

## ADDITIONAL DEFENSES

Telebrands asserts the following additional defenses to Winston's Counterclaims. In doing so, Telebrands does not assume any burden of proof on any issues that is Winston's burden as a matter of law. Telebrands also reserves the right to amend or supplement these defenses as additional facts become know.

## FIRST DEFENSE
(Failure To State A Claim)

Winston's Counterclaims and any purported claims for relief alleged herein fail to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Good Faith)

Telebrands has engaged in all relevant activities in good faith and, therefore, Telebrands' actions do not give rise to an exceptional case under 35 U.S.C. § 285.  Accordingly, even if Winston prevails, it is precluded from recovering its attorneys' fees and/or costs under 35 U.S.C. § 285.

## RESERVATION OF ADDITIONAL DEFENSES

Telebrands reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are appropriate, and reserves the right to amend this Answer to asset any such defense.

## TELEBRANDS' COUNTERCLAIMS

Counter-counterclaim Plaintiff Telebrands Corporation ("Telebrands"), by and through its undersigned counsel, hereby brings the following Counterclaims against Counter-counterclaim Defendant Winston Products LLC ("Winston").  Telebrands avers and states as follows:

Telebrands incorporates by reference herein the Complaint (ECF No. 1) filed in this case, as well as Paragraphs 1-71, its Response to Winston's Requested Relief for Counterclaims, and its Defenses set forth above in its Answer.

## NATURE OF THE ACTION

1. This is a counterclaim action for patent infringement of U.S. Patent No. 10,174,870 (the "'870 Patent") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

2.	Counter-counterclaim Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3.	Upon information and belief, Counter-counterclaim Defendant Winston Products LLC is a limited liability company organized and existing under the laws of the State of Ohio, having a principal place of business at 30339 Diamond Parkway, Suite 105, Cleveland, Ohio 44139.  Upon information and belief, Winston is doing business throughout the United States and within the State of Ohio.

## JURISDICTION AND VENUE

4.	Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 3 as if set forth herein in their entirety.

5.	This Court has subject matter jurisdiction over this action and Telebrands' patent infringement counterclaims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

6.	This Court has personal jurisdiction over Winston for the reasons set forth in the Complaint (ECF No. 1), which are incorporated herein by reference.  ECF No. 1, ¶¶ 6-8.  This Court also has personal jurisdiction over Winston because, *inter alia*, Winston has submitted to the personal jurisdiction of this Court by the filing of its Counterclaims (ECF No. 14).

7.	Pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b), venue is proper in this District for the reasons set forth in the Complaint (ECF No. 1), which are incorporated herein by reference.  ECF No. 1, ¶¶ 9-10.  Venue is also proper in this District because, *inter alia*, Winston has submitted to the venue of this Court by filing its Answer to the Complaint and Counterclaims (ECF No. 14).

**THE PATENT-IN-SUIT**

8. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 7 as if set forth herein in their entirety.

9. Telebrands is the owner of the '870 Patent, entitled "Expandable and Contractible Garden Hose," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on January 8, 2019.  A true and correct copy of the '870 Patent is attached hereto as **Exhibit A**.

**GENERAL ALLEGATIONS AND BACKGROUND**

10. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 9 as if set forth herein in their entirety.

11. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

12. For over thirty years, Telebrands has been a leading developer and marketer of consumer products.  Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs.  Telebrands expends significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

13. For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it.  The POCKET

HOSE® hose has been and continues to be a massive success in the United States.  Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this Complaint.

14. Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE® hose, Winston has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents.  Specifically, Winston impermissibly promotes and sells the HydroTech Hose, which comes in various sizes, including 25 feet, 50 feet, 75 feet, 100, and 200 feet (hereinafter the "Accused Products").  A screen shot of Winston's website, https://hydrotechproducts.com/collections/hoses, promoting the Accused Products is attached hereto as **Exhibit B**.

## COUNT I
### (INFRINGEMENT OF THE '870 PATENT)

15. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 14 as if set forth herein in their entirety.

16. Winston has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '870 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

17. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit C**, the Accused Products include all of the limitations of at least Claim 1 of the '870 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '870 Patent under 35 U.S.C. § 271(a).

18. Upon information and belief, Winston had knowledge of the '870 Patent since at least its issuance on January 8, 2019 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '870 Patent against other manufacturers of similarly infringing expandable hoses.  Upon information and belief, as part of a customary due diligence before entering the expandable hose market, Winston should have and likely did review patents covering expandable hoses and should have and likely did review the '870 Patent prior to the filing of this Complaint.  Therefore, Winston should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '870 Patent.

19. Upon information and belief, since at least the date of the issuance of the '870 Patent, Winston has had actual knowledge of the claims of the '870 Patent, and that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose.  Upon information and belief, Winston has taken no steps to remedy any infringement and continues to willfully infringe the '870 Patent.

20. Telebrands has been and continues to be damaged by Winston's infringement of the '870 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Winston from further infringement.

21. Due to Winston's past and ongoing infringement of the '870 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

22. Winston's infringement of at least Claim 1 of the '870 Patent has been and continues to be willful and deliberate.  As a result, Telebrands is entitled to increased damages

pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A.    that Winston has infringed and is infringing the '870 Patent;

B.    that such infringement was and is willful;

C.    preliminarily and permanently enjoining Winston, its principal, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors, manufacturers, and all others in active concert and/or participation with Winston, from infringing the '870 Patent, pursuant to 35 U.S.C. § 283;

D.    awarding Telebrands damages for Winston's direct infringement of the '870 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or lost profits, together with interest and costs, pursuant to U.S.C. § 284;

E.    trebling the amount of damages for Winston's infringement of the '870 Patent, pursuant to U.S.C. § 284;

F.    finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to U.S.C. § 285; and

G.    granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## **DEMAND FOR JURY TRIAL**

Telebrands demands a trial by jury on all issues so triable.

DATED: June 22, 2023  Respectfully submitted,

/s/     David B. Cupar
David B. Cupar
McDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Email: dcupar@mcdonaldhopkins.com

Michael J. Zinna (admitted *Pro Hac Vice*)
Vincent M. Ferraro (admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
mzinna@kelleydrye.com
vferraro@kelleydrye.com

*Attorneys for Plaintiff, Counterclaim Defendant, and Counter-counterclaim Plaintiff Telebrands Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 22, 2023, a copy of the foregoing ***Plaintiff Telebrands Corporation's Answer, Defenses and Counterclaims*** was filed electronically. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             */s/     David B. Cupar*
                                             David B. Cupar