IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:23-cv-00631-BMB |
| | ) |
| v. | ) Judge Bridget Meehan Brennan |
| | ) |
| WINSTON PRODUCTS LLC, | ) **JOINT PROTECTIVE ORDER** |
| | ) **UNDER FED R. EVID. 502(d)** |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

    1.    Pursuant to the agreement of the Parties under Federal Rule of Evidence 502(d), in order to allow for the expeditious production of electronically stored information ("ESI") and other documents, as those terms are used in Federal Rule of Civil Procedure 34 (collectively, "Documents"), this Agreement and Order, and not the provisions in Federal Rule of Evidence 502(b), control and apply to the disclosure of Privileged Material in this action. "Privileged Material," as used in this Order, means any Document or information that is, or that the Producing Party[1] asserts is, protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other privilege or protection recognized by law.

    2.    Except as set forth herein, in accordance with Federal Rule of Evidence 502(d), any such production or disclosure of Privileged Material whether inadvertent or otherwise, shall not be deemed to waive—in this litigation or in any other federal, state, or other proceeding—the privileges and protections described in Paragraph 1, which would otherwise attach to the disclosed

---

[1] "Producing Party" means the party or non-party that produced the Documents. "Receiving Party" means the party that received the Documents. "Party" means either a Producing Party or a Receiving Party.

materials or their subject matter. Except as set forth herein, the Parties shall not argue, in this forum or any other, that the privileges or protections described in Paragraph 1 were waived as a result of disclosure in this action.

3. This Order is entered pursuant to Federal Rule of Civil Procedure 26(c)(1) and is intended to protect the Parties to this litigation, to the fullest extent permissible by law, against any waiver of the privileges or protections described in Paragraph 1 that might otherwise arise from the disclosure of Privileged Material.

4. This Order does not preclude a Party or non-party from intentionally waiving any claims of privilege.

5. This Order shall govern assertions of privileges and protections in this matter, regardless of the time or circumstances that give rise to the asserted privilege or protection.

6. If a Receiving Party identifies Documents that appear on their face or in light of facts known to the Receiving Party to be Privileged Material belonging to a Producing Party, the Receiving Party shall within ten (10) business days notify the Producing Party by Bates or production number if available or otherwise with sufficient description for the Producing Party to identify the Privileged Material. Such notification shall not waive the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the potentially Privileged Material. If the Producing Party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Producing Party shall notify the Receiving Party of its assertion of privilege or protection within ten (10) business days of receiving the Receiving Party's notification of potentially Privileged Material. Within ten (10) business days after such notice, the Producing Party shall provide to the Receiving Party the basis for the asserted privilege(s), for example, in the form of a privilege log entry or entries. Nothing in this Order

limits an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Producing Party that such Privileged Material has been produced.

7. A Producing Party that determines that it made a disclosure of Privileged Material in this litigation shall within ten (10) business days of such determination, notify all counsel of record following discovery of the production and, within 10 (10) business days after such notice, the Producing Party shall provide to the Receiving party the basis for the asserted privilege(s) or protection(s), for example, in the form of a privilege log entry or entries. The notice shall identify the potentially Privileged Material that was produced by Bates or production number if available or otherwise with sufficient description for the Receiving Party to identify the Privileged Material. If the Producing Party claims that only a portion of a Document contains Privileged Material, the Producing Party shall, within ten (10) business days provide a new copy or copies of the Document(s) with the allegedly Privileged Material redacted in compliance with the Stipulated Protocol for Discovery of Electronically Stored Information and Hard Copy Documents entered in this matter.

8. Upon receiving notice from the Producing Party or upon determining that a Document it received from a Producing Party contains Privileged Material, the Receiving Party shall:

    a. Return or destroy the disclosed Document or information forthwith, as well as any and all copies thereof;

    b. Destroy any references to the disclosed Document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; and

  c. Not use the fact of the disclosure or disclose the protected contents of the Protected Material for any reason, including in arguing that the material is not privileged.

  d. If any Document claimed to contain Privileged Material has been provided to a non-party by a Receiving Party, the Receiving Party will use reasonable efforts to secure the return or destruction of the Document claimed to contain Privileged Material (and the destruction of any references thereto).

  e. Provided, however, any such Document or information that may exist on a computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the Privileged Material unless allowed under the terms of this Order or another order of the Court.

  9. If a Receiving Party disputes the claim of privilege or protection:

  (a) The Receiving Party shall notify the Producing Party, or the party asserting the privilege or protection, of the dispute and the basis therefore in writing within ten (10) business days of receipt of the notification of produced Privileged Material and sufficient information and legal authority regarding the asserted privilege(s); provided, however, to the extent that a Producing Party seeks to claw back more than 100 Documents within a 7-day period, the Receiving Party shall be provided an additional ten (10) business days to review such Documents and dispute the privilege claims asserted over them.

  (b) The Producing Party, or party asserting the privilege or protection, and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) business days after the Receiving Party notifies the Producing Party, or party asserting the privilege or protection, of the dispute as provided in paragraph 9(a).

(c) In the event that the Producing Party, or party asserting the privilege or protection, and Receiving Party do not resolve their dispute, any party may bring a motion for a determination of whether a privilege or protection applies within ten (10) business days of the determination that no resolution will be achieved. If no such motion is brought, the material will be deemed privileged.

10. A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a Document or information subsequently clawed back in accordance with the terms of this Order.

11. The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

12. Nothing in this Agreement and Order shall be construed to limit each Party's right to conduct a review of Documents (including metadata) for relevance, responsiveness, and/or Privileged Material.

| | |
|---|---|
| Dated:  October 4, 2023 | Respectfully submitted,<br><br>s/ *Michael J. Zinna*<br>David B. Cupar (0071622)<br>McDonald Hopkins<br>600 Superior Avenue East, Suite 2100<br>Cleveland, OH 44114<br>Telephone: (216) 348-5400<br>Facsimile:<br>Email: dcupar@mcdonaldhopkins.com<br><br>Michael J. Zinna (admitted *pro hac vice*)<br>Vincent M. Ferraro (admitted *pro hac vice*)<br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>New York, NY 10007<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br>Email: mzinna@kelleydrye.com<br>         vferraro@kelleydrye.com<br><br>*Attorneys for Plaintiff Telebrands Corporation* |
| Dated:  October 4, 2023 | Respectfully submitted,<br><br>s/ *Nicholas Clifford*<br>Nicholas Clifford (*pro hac vice*)<br>TUCKER ELLIS LLP<br>100 South Fourth Street – Suite 600<br>St. Louis, MO 63102-1822<br>Telephone:      314-256-2550<br>Facsimile:        314.256.2549<br>Nicholas.Clifford@tuckerellis.com<br><br>Jeffrey C. Sindelar Jr. (0084252)<br>TUCKER ELLIS LLP<br>950 Main Avenue – Suite 1100<br>Cleveland, OH  44113-7213<br>Telephone:      216.592.5000<br>Facsimile:        216.592.5009<br>Jeffrey.Sindelar@tuckerellis.com<br><br>*Attorneys for Defendant Winston Products LLC* |

6

**IT IS SO ORDERED.**

Dated: October 13, 2023

JUDGE BRIDGET MEEHAN BRENNAN